UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KITRICH A. POWELL,  <br>    Plaintiff,  <br>vs.  <br>JAMES GIBBONS, *et al.*,  <br>    Defendants. | 3:09-cv-00093-RCJ-RAM  <br><br>**ORDER** |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. On February 26, 2010, the Court directed plaintiff to file an amended complaint within thirty days. (Docket #11). Plaintiff requested, and this Court granted, two extensions of time to file the amended complaint. (Docket #13 and #15). On July 26, 2010, plaintiff filed an amended complaint. (Docket #17). Plaintiff also filed a motion to file excess pages. (Docket #16). The Court has reviewed the amended complaint and grants petitioner's motion to file excess pages. However, on review of the amended complaint, the Court finds that plaintiff's claims are untimely, frivolous, and otherwise fail to state a cognizable federal civil rights claim.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.§ 1915A. Dismissal of a complaint for

failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. The Amended Complaint (Docket #17)**

<u>**Count I**</u>

Plaintiff alleges the following: On January 16, 2003, at High Desert State Prison, defendant Richey left his assigned post at pod 2C-D. (Am. Compl., at p. 19). The office door to pod 2D was broken and failed to securely shut. Plaintiff was on "walk-alone" status, in protective segregation, and was at high risk of being attacked. Defendant Camdon allowed or failed to stop inmates Deschamp, Vanderwall, and Steckman from coming through the pod 2D broken door, allowing them

1  access to pod 2C, where plaintiff was housed. (*Id.*, at p. 20). The inmates attacked him. (*Id.*). While he was being attacked by the inmates, defendant Camdon shot plaintiff in the right side of his back and hip with "four (4) shot gun shells which contained a foreign lead substance and/or other substance, small batteries that are used to track plaintiff, following plaintiff by GPS system." (*Id.*). Plaintiff alleges that defendant Camdon failed to stop the inmates from attacking him. Plaintiff alleges that he suffered permanent bodily injury, emotional distress, and that the tracking devices were "tweeked by GPS systems that caused intense pain at all times of day, at nights, loss of sleep, stinging sensations, [and] tissue damage." (*Id.*, at pp. 19-24).

Plaintiff's claim of deliberate indifference to safety is barred by the statute of limitations. Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits. *See, e.g., Wallace v. Kato*, 549 U.S. 384 (2007). In Nevada, a personal injury action must be brought within two years. Nev. Rev. Stat. 11.190(4)(e). Plaintiff alleges a failure to protect him from attack by other inmates that occurred in 2003, approximately six years before he filed the original complaint in this action. As such, plaintiff's deliberate indifference claim is dismissed as untimely.

Regarding plaintiff's claim that defendant Camdon shot him with GPS tracking devices, this allegation is frivolous. A frivolous claim that lacks an arguable basis either in law or in fact must be dismissed. Plaintiff's claim is based on fanciful factual allegations of having GPS tracking devices implanted inside his body. These allegations are fantastic and delusional, and the claim shall be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Count I is dismissed with prejudice as untimely and frivolous.

**Count II**

Plaintiff alleges that on April 10, 2006 and July 19, 2006, unidentified mailroom personnel at Ely State Prison opened incoming mail outside of his presence. (Am. Compl., at p. 25). Plaintiff alleges that in February 2008, legal mail addressed to an attorney was returned to him because the attorney was no longer at that address, and the returned mail was opened outside of plaintiff's

presence and treated as regular mail. (*Id.*). On April 26, 2006, plaintiff sent outgoing "legal personal mail to a faith-based organization," but he lacked sufficient funds for postage. (*Id.*, at p. 26). Mailroom staff returned the letters to plaintiff, informing him that he had already used his limit of postage for April through May 2006. (*Id.*). On July 11, 2006, plaintiff attempted to mail a letter but was denied postage once again. (*Id.*). Plaintiff contends that these incidents represent a policy of censorship, and mis-routing his legal and personal mail from 2006-2010. (*Id.*, at pp. 25-27).

Plaintiff's allegations fail to state a cognizable claim for relief. Prisoners have a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curium). However, mail from public agencies, public officials, civil rights groups, and news media may be opened outside the prisoners' presence. *Mann v. Adams*, 846 F.2d 589, 590-91 (9th Cir. 1988) (per curium). Prisons are not required to provide indigent prisoners with unlimited paid postage for their outgoing mail. (*Id.*). Plaintiff fails to state a cognizable claim, and Count II is dismissed with prejudice.

**Count III**

Plaintiff alleges a policy within the Nevada Department of Corrections of denying care for his physical and mental well-being. Plaintiff alleges a "conspiracy between one or more defendants to cover-up the illegal, intrusive, high tech devices inside plaintiff's body" from 1996 through 2010. (Am. Compl., at p. 28). Plaintiff alleges that defendants made an "attempt to have plaintiff defecate/expel a high tech device in plaintiff's stomach by having plaintiff see a gastrointestinal doctor in Las Vegas, Nevada." Plaintiff alleges that "defendants knew the high tech device was put in plaintiff's food items [and] medications @ High Desert State Prison and by one or more nurses or correctional officers from 2004-2005 and said device is still in plaintiff's stomach." (Am. Compl., at p. 31).

Plaintiff's allegations are so factually fanciful as to make the claim frivolous. A frivolous claim that lacks an arguable basis either in law or in fact must be dismissed. Plaintiff's allegations regarding a "conspiracy between one or more defendants to cover-up the illegal, intrusive, high tech devices inside plaintiff's body" are patently fantastic and delusional. *See Neitzke v. Williams*, 490 U.S.

4

319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Count III is dismissed with prejudice as frivolous.

### Count IV

Plaintiff alleges that on April 26, 2004, defendant Cole Morrow informed plaintiff that some of his inmate grievances had been lost. Defendant Morrow asked plaintiff to sign two documents pertaining to the grievances. (Am. Compl., at p. 34).

Plaintiff fails to state a cognizable claim in Count IV. Prisoners have no constitutional right to an inmate grievance system. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley*, 997 F.2d at 495 (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Thus, a prison staff member's involvement and actions regarding an inmate's grievance cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. Plaintiff may not maintain an action against defendant Morrow based on his actions regarding plaintiff's inmate grievances. Count IV is dismissed with prejudice, as there is no cognizable claim for violation of plaintiff's constitutional rights.

### Count V

Plaintiff alleges that MCI WorldCom, Global Tel Link, IC Solutions, NDOC phone administrators and several named defendants placed "high tech audio/visual devices in/around/on plaintiff, his rooms and/or on doors, light fixtures, or other objects, [and] in water" formerly at High Desert State Prison, and currently at Ely State Prison. (Am. Compl., at p. 35). Plaintiff alleges that the "high tech devices, audio visual, store digital images on a retrieval system." (*Id.*, at p. 36). On or about

5

May 12, 2005, defendants Prater, Ashcraft, Hart, Dudley and other defendants "infected plaintiff's food trays, food items @ High Desert State Prison, Pod 2D [and] concealed toxic substances in condiment packets, or other food items that caused plaintiff to pass blood in stool for about a month." (*Id.*, at p. 36). Plaintiff was admitted to the infirmary at High Desert State Prison from June 2-7, 2005, for medical observation and testing. (*Id.*). Plaintiff was then returned to Pod 2D-1A. (*Id.*). Plaintiff alleges that from June 21-29, 2005, defendants Ashcraft and Hart "infected plaintiff's food and/or trays with a toxic substance causing plaintiff's nose to swell up, bleed spontaneously, caused a high fever, uncontrollable shaking, headaches, [and] blurry eyesight @ High Desert State Prison." (*Id.*, at p. 37). Plaintiff further alleges that defendants Prater and Dudley "conspired with a black inmate porter at High Desert State Prison, Pod 2D-13 housed, to have that inmate put on plaintiff's food tray a toxic substance that subsequently caused plaintiff's eyes to become blurry, ringing in ears, nose bleeds, headaches and silver objects materializing in plaintiff's iris, which are used as camera to view plaintiff's writings and transfers digital images to computers or other electronic devises or global positioning devices; plaintiff's ears, head, face, neck, throat burn with high fever from these objects and/or those activating them by high tech devices, electrical or satellite." (*Id.*, at pp. 37-38). On September 26, 2005, defendant Crossman and supervisory personnel at Ely State Prison conspired to have "placed in/on plaintiff's brown paper trash bag in 3B-33, a high tech audio/visual device." (*Id.*, at p. 38). Plaintiff asserts that defendants MCI Worldcom and others "have place audio/visual devices in plaintiff's rooms, lights, doors, or other fixtures, boxes, trash bags, air vents, walls, sink area, beds, or inside plaintiff" and conspired with law enforcement and Nevada Department of Corrections officials. (*Id.*, at p. 39). Plaintiff further alleges that a "toxic substance" was concealed in his breakfast tray, in "deep rich coffee packets," and were "a texture like freeze dried unlike fine power." (*Id.*). Plaintiff asserts that the toxic substance in the coffee packets was an attempt "to have plaintiff defecate the high tech device in plaintiff's left side of stomach or appendix areas, or to control plaintiff's bodily functions." (*Id.*). He also alleges that "use of the phone causes plaintiff's face, head, ears to turn red/hot" due to wiretapping with high tech audio devices. (*Id.*) Plaintiff asserts that defendants' "misuse of the high tech devices"

causes various physical symptoms, as well as emotional trauma, loss of sleep, fear, and anger. (*Id.*, at p. 40).

Plaintiff's allegations are so factually fanciful as to make the claim frivolous. A frivolous claim that lacks an arguable basis either in law or in fact must be dismissed. Plaintiff's allegations regarding "high tech audio/visual devices" being placed in his surroundings (his cell, the water, his food, fixtures, boxes, trash bags, air vents, walls, sink area, beds, etc.) and in his body are patently fantastic and delusional. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Count V is dismissed with prejudice as frivolous.

**Count VI**

Plaintiff alleges that defendants have engaged in a "custom of [placing] audio and visual devices that store digital images on computers and other electronic devices within Ely State Prison . . . in plaintiff's room [cell] . . . and other rooms, rec-yard, showers." (Am. Compl., at p. 42). Plaintiff asserts that with these devices, defendants will create "altered images of plaintiff or objects in his room" that depict him "in a false light of his true image." (*Id.*, at pp. 42-43). Plaintiff alleges that "audio and visual devices are in showers, on room doors, food slots, on walls, on property, in pipes, conduit, tables, electrical surges, on other objects, built within the pipes, floors, walls, beds, sinks, toilets, in water, in air system." (*Id.*, at p. 43). Plaintiff alleges that the "high tech devices" cause "toxic smells in plaintiff's room, beds to vibrate, floor to vibrate, lights to flicker, or other room fixtures to receive high energy flow into them that causes plaintiff pain." (*Id.*). Plaintiff alleges that the devices cause the same set of symptoms as alleged in Count V, and in addition, cause vibrations within his body, depression, a "heightened sex drive," "shocks/trauma" to his body, and a "heightened state of awareness." (*Id.*).

Plaintiff's allegations are so factually fanciful as to make the claim frivolous. A frivolous claim that lacks an arguable basis either in law or in fact must be dismissed. Plaintiff's allegations that "high tech devices" being placed in "showers, on room doors, food slots, on walls, on property, in pipes, conduit, tables, electrical surges, on other objects, built within the pipes, floors, walls, beds, sinks, toilets, in water, [and] in air system," causing "toxic smells in plaintiff's room, beds to vibrate, floor to

vibrate, lights to flicker, or other room fixtures to receive high energy flow into them that causes plaintiff pain" are patently fantastic and delusional. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Count VI is dismissed with prejudice as frivolous.

**Count VII**

Plaintiff alleges that on December 22, 2005, he submitted a Freedom of Information request for records to the United States Department of Justice and the Federal Bureau of Prisons. (Am. Compl., at p. 45). Plaintiff alleges that he received a letter from federal officials, but no records were produced. (*Id.*).

The Freedom of Information Act ("FOIA") provides individuals with a "judicially-enforceable right of access to government agency documents." *Lion Raisins, Inc. v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004) (citing 5 U.S.C. § 552). There are nine statutory exemptions, each protecting against the disclosure of a specific type of sensitive government information. 5 U.S.C. § 552(b)(1)-(9). FOIA requires a records request to "reasonably" describe requested records and to comply with "published rules stating the time, place, fees (if any), and procedures to be followed." *See* 5 U.S.C. § 552(a)(3)(A). [F]ull and timely exhaustion of administrative remedies is a prerequisite to judicial review under FOIA." *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp.2d 111, 112 (D. D.C. 2001). Prior to seeking judicial review, a records requester must exhaust his or her administrative remedies, including filing a proper FOIA request. *See Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979). If the records requester fails to exhaust administrative remedies, the lawsuit may be dismissed for lack of subject matter jurisdiction. *Heyman v. Merit Systems Protection Board*, 799 F.2d 1421, 1423 (9th Cir. 1986), *cert. denied*, 481 U.S. 1019 (1987). For requested materials to qualify as "agency records" under FOIA, "an agency must either create or obtain the requested materials" and "the agency must be in control of the requested materials at the time the FOIA request is made." *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-145 (1989); *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 479 (2nd Cir. 1999).

1  In the instant case, plaintiff fails to state a cognizable claim for a FOIA violation, as he
2  fails to allege the nature of the documents that he seeks. Plaintiff also fails to allege that the United
3  States Department of Justice and the Federal Bureau of Prisons has the records he seeks and that he
4  made a full and proper FOIA request. This Court lacks jurisdiction over plaintiff's claim in the absence
5  of exhaustion of FOIA requirements. Moreover, to the extent that plaintiff can adequately allege a
6  cognizable claim under FOIA in the future, that claim may be asserted in an action brought under FOIA,
7  rather than in the instant civil rights actions. Count VII is dismissed with prejudice.

**Count VIII**

Plaintiff alleges that in 1996, defendants Thompson and Hebert took from his cell his personal journal. (Am. Compl., at p. 47). Plaintiff litigated the confiscation of his journal in another case filed in 1998, in this United States District Court, at case number 3:98-cv-00523-ECR-VPC. (*Id.*). Court records indicate that the case proceeded to jury trial and is now closed. (Docket in 3:98-cv-00523-ECR-VPC). Plaintiff complains that defendants continue to invade plaintiff's privacy with visual devices placed in his cell, and "use the satellite to see what plaintiff writes and illegally obtain these images by high tech devices." (*Id.*).

The allegation regarding defendants Thompson and Hebert confiscating plaintiff's journal has been litigated in another case, and cannot be litigated in this action. A final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action. *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391 (9th Cir. 1992). In addition, plaintiff's allegations that defendants continue to invade plaintiff's privacy with visual devices placed in his cell and "use the satellite to see what plaintiff writes and illegally obtain these images by high tech devices" are patently fantastic and delusional. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Count X is dismissed with prejudice as frivolous.

**Count IX**

Plaintiff alleges that there is a conspiracy within the Department of Corrections' canteen storekeepers and managers to use deceptive trade practices, bait and switch, making false misleading

statements, raising prices without notice, [and] failure to honor warranties." (Am. Compl., at p. 49). Prison inmates are not compelled to purchase any items from the prison canteen, and indeed, there is no constitutional right to purchase items from a prison canteen. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). As such, the alleged practices of the prison canteen fails to state a claim for a constitutional violation. Count IX is dismissed with prejudice.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's motion to file an amended complaint containing excess pages (Docket #16) is **GRANTED.**

**IT IS FURTHER ORDERED** that the amended complaint (Docket #17) is **DISMISSED WITH PREJUDICE**, as the allegations in the amended complaint are untimely, frivolous, and otherwise fail to state a cognizable claim for a federal civil rights action.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT** accordingly.

DATED this 20th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE